JAMES M. PETERSON (Bar No. 137837)
peterson@higgslaw.com
KYLE W. NAGEOTTE (Bar No. 285599)
nageottek@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:  (619) 236-1551
Facsimile:  (619) 696-1410

Attorneys for Defendant
FEDEX OFFICE AND PRINT
SERVICES, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA LOPEZ, individually and on behalf of all others similarly situated and the State of California under the Private Attorneys General Act,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'23CV2155 W    SBC**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332(A)(1), 1441, 1446]**<br><br>**(DIVERSITY)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:

PLEASE TAKE NOTICE that Defendant FEDEX OFFICE AND PRINT SERVICES, INC. ("FedEx Office" and/or "Defendant") hereby removes the action described below from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). In support thereof, FedEx Office states as follows:

///

///

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

11980887.1                                1                      Case No. _____

## I. PROCEDURAL HISTORY

1. On October 19, 2023, Plaintiff NORMA LOPEZ ("Plaintiff") filed a lawsuit in the Superior Court of California, County of San Diego, entitled *Norma Lopez, individually and on behalf of all others similarly situated and the State of California under the Private Attorneys General Act, Plaintiffs v. FedEx Office and Print Services, Inc., and Does 1 through 50, inclusive, Defendants*. (Declaration of Kyle W. Nageotte in Support of Removal of Civil Action ["Nageotte Decl."], ¶ 2.)

2. Plaintiff was employed by FedEx Office in California from May 2015 to June 2023. (*See* Complaint ¶ 9.) Plaintiff asserts a claim for civil penalties under the Private Attorneys General Act ("PAGA"), alleging that FedEx Office violated the following wage-and-hour laws: (1) overtime, (2) sick leave, (3) meal period premium pay, (4) rest period premium pay, (5) timely payment of wages during employment, (6) timely payment of wages at time of termination, (7) wage statements, (8) business expenses, and (9) maintenance of accurate records. (*See* Complaint ¶ 39.) Plaintiff purports to bring these claims on behalf of herself and all other "aggrieved employees." (*Id.*)

3. Plaintiff served the Complaint, along with copies of the Summons, Civil Case Cover Sheet, Notice of Hearing (Case Management Conference), and Notice of Case Assignment upon FedEx Office by serving CT Corporation System on October 23, 2023. A true and correct copy of these documents as served on each Defendant is attached hereto as Exhibit "A". (**Exhibit A**.)

4. On November 22, 2023, Defendant filed an Answer in the Superior Court of California, County of San Diego. (Nageotte Decl., ¶ 4.) A true and correct copy of the Answer filed by Defendant in Superior Court of California, County of San Diego, is attached to hereto as Exhibit "B." (**Exhibit B**.)

5. Pursuant to 28 U.S.C. § 1446(a), the exhibits attached hereto as **Exhibit A and B** constitute all process, pleadings and orders served upon Defendant in this action.

6. As of the date of this Notice of Removal, no other parties, including any fictitious "Doe" defendants, have been served with the Summons and Complaint in this action. (Nageotte Decl., ¶ 5.)

## II. TIMELINESS OF REMOVAL

7. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. (28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 347-48.)

8. On October 23, 2023, FedEx Office was served with the Complaint. (Nageotte Decl., ¶ 3.)

9. FedEx Office's Notice of Removal is timely because it is filed within thirty (30) days of that service. (*See* 28 U.S.C. § 1446(b).)

## III. VENUE IS PROPER

10. The action was filed in the Superior Court of California for the County of San Diego. Venue properly lies in the United States District Court for the Southern District of California because it is the district court where the state court action is pending. (28 U.S.C. §§ 84(b), 1391, 1446.)

## IV. BASIS OF JURISDICTION

11. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over suits between citizens of different states where there is more than $75,000 in controversy. Both requirements are satisfied here:

### A. Diversity of Citizenship

12. At all relevant times, there has been diversity of citizenship between the parties to the action.

///

13. Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). A person's domicile is established by physical presence and his or her intent to remain. (*Lew v. Moss* (9th Cir. 1986) 797 F.2d 747, 749-50; *Kanter v. Warner-Lambert Co.* (9th Cir 2001) 265 F.3d 853, 857.) Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. (*Lew*, 797 F.2d at 751.)

14. Plaintiff's last known mailing address is in California. Further, Plaintiff worked for FedEx Office in California. (Complaint ¶ 2.) Accordingly, Plaintiff is a citizen of the State of California for purposes of analyzing diversity jurisdiction. (*See Smith v. Simmons* (E.D. Cal. Mar. 18, 2008) 2008 WL 744709, *7) (place of residence provides "*prima facie*" case of domicile).)

15. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has confirmed that in determining a corporation's principal place of business, a court must apply the "nerve center" test. (*See Hertz v. Friend* (2010) 175 L. Ed. 2d 1029, 1041-42.)

16. In *Hertz*, the Supreme Court explained, in relevant part:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.*

17. FedEx Office is presently, and was at the time of the commencement of this action, a citizen of the State of Texas, as provided in 28 U.S.C. § 1332(c),

because it was and is a corporation duly organized and validly existing under and pursuant to the laws of the State of Texas.

18.  FedEx Office's principal place of business is in Plano, Texas. The majority of FedEx Office's corporate officers and senior executives who direct, control, and coordinate its operations are located in its corporate headquarters in Plano, Texas. As a result, nearly all of FedEx Office's corporate decisions are made in Texas, including operational, executive, administrative, and policymaking decisions. (*Id.*; *See Breitman v. May Co. Cal.* (9th Cir. 1994) 37 F.3d 562, 564 [corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed].) Therefore, FedEx Office is a citizen of the state of Texas, where it is incorporated, and where it has its principal place of business under the "nerve center" test.

19.  Because Plaintiff is a citizen of California, and FedEx Office is a citizen of Texas, complete diversity of citizenship exists, and the diversity requirement of 28 U.S.C. § 1332(a) is satisfied.[1]

**B.    Amount In Controversy**

20.  For purposes of diversity jurisdiction, when a complaint is unclear and does not specify "a total amount in controversy," the jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages. (*Simmons v. PCR Tech.*, 209 F.Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998)); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700

---

[1] In a PAGA action, the citizenship of the named representative is considered for purposes of assessing diversity of citizenship. (*See, e.g., Gunther v. Int'l Bus. Mach. Corp.* (C.D. Cal. July 14, 2016) 2016 WL 3769335, at *3; *Lopez v. Ace Cash Exp., Inc.* (C.D. Cal. Mar. 24, 2015) 2015 WL 1383535, at *2 n.2; *see also Chavez v. Time Warner Cable LLC* (C.D. Cal. Apr. 20, 2016) 2016 WL 1588096, at *2 (referring to the plaintiff's argument that "it is impossible for complete diversity to exist in a case which contains claims for PAGA penalties" as "utterly erroneous").)

1  (9th Cir. 2007).)  The removing defendant must generally provide evidence showing
2  that it is "more likely than not" that the amount in controversy in the action exceeds
3  the $75,000 threshold.  (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404
4  (9th Cir. 1996).)

5  21.  To measure the amount in controversy, the Ninth Circuit instructs
6  courts to first consider whether it is "facially apparent" from the complaint that the
7  jurisdictional amount has been satisfied.  (*Singer v. State Farm Mut. Auto Ins. Co.*,
8  116 F.3d 373, 377 (9th Cir. 1997).)  In measuring the amount in controversy, a court
9  "must assume that the allegations of the complaint are true and assume that a jury
10 will return a verdict for the plaintiff on all claims made in the complaint."  (*Kenneth
11 Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.
12 Cal. 2002) (internal quotations omitted).)  If the complaint does not clearly establish
13 the jurisdictional amount, the Court may also consider facts raised in the removal
14 petition.  (*Singer*, 1156 F.3d at 377; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d
15 1115, 1117 (9th Cir. 2004) ["[W]e reiterate that the amount-in-controversy inquiry
16 in the removal context is not confined to the face of the complaint."].)

17 22.  At the removal stage, the removing party is required only to make a
18 **plausible** allegation that the amount in controversy exceeds the jurisdictional
19 threshold.  Evidence establishing the amount in controversy is not required unless
20 and until "the plaintiff contests, or the court questions, the defendant's allegations."
21 (*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. at 554 (2014); *Arias
22 v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) [a defendant's
23 notice of removal need only include a plausible allegation that the amount in
24 controversy exceeds the jurisdictional threshold].)  Additionally, the removing
25 defendant may rely on "reasonable assumptions underlying the defendant's theory of
26 damages exposure." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th
27 Cir. 2015).
28 ///

23. The United States Supreme Court recently held that the Federal Arbitration Act ("FAA") preempts California's rule insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate. (*Viking River Cruises, Inc. v. Moriana* (2022) 142 S.Ct. 1906, 1911 ["*Viking River*"].)

24. Plaintiff brings this action seeking civil penalties under the PAGA for alleged Labor Code violations suffered by herself and other allegedly-aggrieved employees working for FedEx Office during the relevant time period. (Complaint, *passim*.)

25. Here, Plaintiff executed an Agreement for Binding Arbitration ("Arbitration Agreement") as a condition of her employment with FedEx Office. As a result, pursuant to *Viking River*, FedEx Office will move to compel Plaintiff's individual PAGA claims to arbitration.

### 1.     Plaintiff's Individual PAGA Claims

26. California Labor Code section 2699(f) provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employed one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." (See also, Complaint ¶ 31.)

27. Plaintiff worked for FedEx Office during 21 pay periods during the PAGA period. (Complaint ¶ 9, Ex. 1.)

///
///
///
///

28. Plaintiff seeks PAGA penalties for nine discrete alleged violations of the California Labor Code for every pay period she worked during the PAGA period. (Complaint ¶ 39.)[2] As a result, Plaintiff's potential individual PAGA penalties would total **$36,900**. (9 "initial" violations x $100 x 1 pay period = $900 + 9 "subsequent" violations x $200 x 20 pay periods = $36,900.)

## 2. Attorneys' Fees On Plaintiff's Individual PAGA Claims

29. "The amount in controversy includes . . . attorney's fees, if authorized by statute or contract." (*Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980; *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1156 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.* (N.D. Cl. 2002) 243 F. Supp. 2d 1004, 1010-11 (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to prevail).

30. PAGA authorizes an award of attorneys' fees to a prevailing plaintiff. (Cal. Lab. Code § 2699(g)(1).) Plaintiff seeks fees pursuant to this provision. (*See* Complaint, Prayer for Relief, ¶ h.)

31. Plaintiff's counsel, Nicholas Ferraro and Lauren Vega have either been approved or requested the hourly rate of $500 per hour in previous cases. (*See Blount v. Host Healthcare, Inc.*, Case No. 21-CV-310-MMA-WVG (S.D. Cal. April 12, 2022); *see also Taylre Chowning v. Freedom Mortgage Corporation*, Case No. 37-2022-00005613-CU-OE-CTL (Superior Court of California for the County of San Diego).

---

[2] NOTE: The calculations provided herein are solely presented to calculate the purported amount in controversy to support FedEx Office's removal of this action to this Court. FedEx Office disputes any and all of Plaintiffs' claims, disputes that Plaintiff is entitled to any recovery, and respectfully submits that Plaintiff's Complaint lacks merit.

32. Conservatively, with nine (9) alleged Labor Code violations allegedly suffered over 21 pay periods, it can be estimated that Attorney Ferraro and Attorney Vega will each spend at least fifty (50) hours on Plaintiff's individual PAGA claims, for a total attorneys' fee amount of **$50,000**. (100 hours x $500/hr = $50,000.)

33. Taken together, the alleged individual PAGA penalties and attorneys' fees demanded place the amount in controversy here at a minimum of **$86,900**, in excess of $75,000.

## V. ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

34. Plaintiff originally filed her Complaint in the Superior Court of California, County of San Diego, which is located within this District.

35. Pursuant to 28 U.S.C. § 1446(d), FedEx Office will give written notice of the removal of this action to all parties and is filing a copy of that notice with the Superior Court of California, County of San Diego. True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

## VI. CONCLUSION

36. Wherefore, Defendant prays that the above-entitled action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

Dated: November 22, 2023          HIGGS FLETCHER & MACK LLP

By: _____*/s/ Kyle W. Nageotte*_____
JAMES M. PETERSON
KYLE W. NAGEOTTE
Attorneys for Defendant
FEDEX OFFICE AND PRINT SERVICES, INC.