# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDEX OFFICE AND PRINT SERVICES, INC. and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NORMA LOPEZ, individually and on behalf of all others similarly situated and the State of California under the Private Attorneys General Act,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/19/2023** at 03:07:42 PM

Clerk of the Superior Court
By Marfil Estrada, Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego County Superior Court - Hall of Justice
330 West Broadway, San Diego, CA 92101
San Diego CA 92101

</td><td>

CASE NUMBER:
*(Número del Caso):*
37-2023-00045552-CU-OE-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicholas J. Ferraro (SBN 306528) / Lauren N. Vega (SBN 306525)      Telephone: (619) 693-4007
Ferraro Vega Employment Lawyers, Inc. 3160 Camino del Rio South, Suite 308, San Diego, CA 92108

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* 10/20/2023 | Clerk, by *(Secretario)* M. Estrada | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FedEx Office and Print Services, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Norma Lopez*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/19/2023** at 03:07:42 PM
Clerk of the Superior Court
By Marfil Estrada, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| NORMA LOPEZ, individually and on behalf of all others similarly situated and the State of California under the Private Attorneys General Act, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDEX OFFICE AND PRINT SERVICES, INC. and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.  37-2023-00045552-CU-OE-CTL <br><br> **REPRESENTATIVE ACTION COMPLAINT** <br><br> 1. Civil Penalties under the Private Attorneys General Act (Labor Code §§ 2698 *et seq.*) |

Plaintiff NORMA LOPEZ, individually and on behalf of all others similarly situated and the State of California under the Private Attorneys General Act ("Plaintiff"), brings this REPRESENTATIVE ACTION COMPLAINT against Defendants FEDEX OFFICE AND PRINT SERVICES, INC. and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1. This is a representative action brought under the California Private Attorneys General Act (Labor Code sections 2698 *et seq.*)

2. Defendants underpaid the aggrieved employees' wages by failing to include all forms of remuneration, such as sales incentives and other forms of supplementary pay, into the regular rate of pay calculation for overtime, sick, and premium wages.

3. Defendants also failed to reimburse aggrieved employees for necessary expenses incurred in furtherance of the aggrieved employees' job duties.

4. Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to aggrieved employees.

## JURISDICTION & VENUE

5. Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

6. The monetary damages sought exceed the minimal jurisdiction limits of the Superior Court.

7. This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California economy so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

8. Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395, and/or 395.5 because, upon information and belief, Defendants conduct business and committed some of the alleged violations in this county.

REPRESENTATIVE ACTION COMPLAINT
*Lopez v. FedEx Office and Print Services, Inc.*

## PARTIES

**A.    Plaintiff Norma Lopez**

9.    Plaintiff Lopez is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about May 2015 to June 2023.  Plaintiff worked as an Office Manager.

10.    The State of California, via the Labor and Workforce Development Agency ("LWDA"), is the real party in interest in this action.  (*Kim v. Reins Int'l California, Inc.* (2020) 9 Cal. 5th 73, 81 [The "government entity on whose behalf the plaintiff files suit is always the real party in interest."])

**B.    Defendants**

11.    Defendant FedEx Office and Print Services, Inc. is a corporation that maintains operations and conducts business throughout the State of California, including in this county.

12.    The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474.  Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein.  This Complaint may be amended to reflect their true names and capacities once ascertained.

13.    Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

14.    Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

15.    Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated

- 2 -

1  enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and

2  omissions of each defendant may be legally attributable to all others.

3  **GENERAL ALLEGATIONS**

4  16.    Plaintiff and aggrieved employees worked for Defendants as nonexempt employees

5  and were compensated on an hourly basis with additional income, including sales incentives for

6  satisfactory district sales performance.

7  17.    When Plaintiff and aggrieved employees earned these other forms of non-discretionary

8  income, like sales incentives, in the same pay period as overtime, sick pay, or premium wages,

9  Defendants underpaid aggrieved employees' wages. Instead of paying the regular rate of pay, inclusive

10  of all forms of non-discretionary income, Defendants calculated overtime, sick pay, and premium

11  wages using only the aggrieved employees' base hourly rate.

12  18.    For example, in the pay period September 5, 2022, to September 18, 2022, Plaintiff

13  earned a non-discretionary production incentive in the same pay period as sick leave. However,

14  Defendants only paid Plaintiff's sick leave at her base hourly rate, rather than the regular rate of pay,

15  which would have included the extra remuneration in the sick pay calculation.

16  19.    Plaintiff further believes and alleges that Defendants likewise underpaid overtime

17  wages at only 1.5x the aggrieved employees' base hourly rates and underpaid premium wages at only

18  the base hourly rate.

19  20.    Because of these violations, Defendants failed to provide accurate, itemized wage

20  statements to aggrieved employees that included the accurate gross or net wages earned, as the

21  employees earned overtime, sick leave, and premiums which were not paid at the lawful rate in light

22  of the regular rate violations.

23  21.    Additionally, in violation of Labor Code section 226(a)(9), Defendants failed to

24  consistently state all applicable hourly rates and hours worked for some wage categories. For example,

25  in the wage statement for pay period September 5, 2022, to September 18, 2022, Defendants

26  incorrectly stated Plaintiff's hourly rate as a lump sum of $2,400 instead of $30 per hour. Defendants

27  also failed to properly list the correct legal employer entity in violation of Labor Code section

28  226(a)(8).

- 3 -

22. These violations create derivative liability for failure to pay all wages owed each payday or upon separation of employment, as a result of the regular rate underpayments.

23. Finally, Plaintiff and aggrieved employees incurred several expenses in furtherance of their job duties, which Defendants did not reimburse. Defendants expected Plaintiff and the aggrieved employees to utilize their personal cell phones to perform several work tasks. Plaintiff and aggrieved employees needed to download Microsoft Teams, Dynamic Signal, and other related apps to communicate with her district, handle scheduling, and keep current with Defendants' company updates and developments. Defendants expected Plaintiff and aggrieved employees to engage with the apps and respond to messages from both district personnel and individual office teams via group messages.

24. District Managers, like Plaintiff, also had to use the Dynamic Signal application to upload required content and to disseminate information from Defendants to the District Manager's subordinates.

25. During her employment, Plaintiff was not reimbursed for her cell phone use. Although Defendants retroactively paid Plaintiff 10 per month for cell phone use upon separation of employment, Plaintiff believes and alleges that this amount was underpaid, and that Defendants have not likewise reimbursed other aggrieved employees for these costs either during or after employment.

## FIRST CAUSE OF ACTION

### CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT

#### Violation of Labor Code §§ 2698 *et seq.*

**(By Plaintiff on Behalf of the State and the Aggrieved Employees Against All Defendants)**

26. All outside paragraphs of this Complaint are incorporated into this section.

27. Plaintiff brings this cause of action as a proxy for the State of California on behalf of the following "aggrieved employees" pursuant to the Private Attorneys General Act ("PAGA"), codified as Labor Code section 2698 *et seq.*:

      a. All current and former non-exempt employees who worked for Defendants in California at any time from one year prior to the postmark date of the initial PAGA notice through date of trial.

- 4 -

28.     Plaintiff reserves the right to amend, supplement, or add to this description of the aggrieved employees, according to proof.

29.     The State of California, via the Labor and Workforce Development Agency ("LWDA"), is the real party in interest in this action with respect to this cause of action. (*Kim v. Reins Int'l California, Inc.* (2020) 9 Cal. 5th 73, 81 [The "government entity on whose behalf the plaintiff files suit is always the real party in interest."])

30.     Labor Code section 2699(a) provides: "Notwithstanding any other provision of law,, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3. "

31.     Labor Code section 2699(f) provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

32.     Any allegations regarding violations of the IWC Wage Orders are enforceable as violations of Labor Code section 1198, which states: "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

33.     Labor Code section 2699.3 sets forth the procedure for commencing an action for civil penalties under the PAGA.

34.     On or about **August 14, 2023**, Plaintiff paid the requisite PAGA filing fee and provided written notice (by online electronic filing with the LWDA and by certified mail to Defendants) of Defendants' alleged Labor Code violations, including the facts and theories to support the alleged violations.

- 5 -

REPRESENTATIVE ACTION COMPLAINT
*Lopez v. FedEx Office and Print Services, Inc.*

35.     A true and correct copy of Plaintiff's written PAGA notice, entitled "Notice of Labor Code Violations" is attached hereto as <u>Exhibit 1</u> and incorporated by reference as though fully set forth herein (the "PAGA notice").

36.     To date, neither Plaintiff nor Plaintiff's counsel has received a response to Plaintiff's written PAGA notice from the LWDA.

37.     Within 33 calendar days of the postmark date of the notice sent by Plaintiff, neither Plaintiff nor Plaintiff's counsel has received written notice by certified mail from any defendant providing a description of any actions taken to cure the alleged violations.

38.     Now that at least 65 days have passed from Plaintiff notifying Defendants of these violations, without notice of cure from Defendants or notice from the LWDA of its intent to investigate the alleged allegations and issue the appropriate citations to Defendants, Plaintiff exhausted all prerequisites and commenced this civil action under Labor Code section 2699 *et seq.*

39.     As set forth in the PAGA notice attached as Exhibit 1 and incorporated into this Complaint, Defendants committed the following violations and are liable for all corresponding civil penalties:

a.     ***Unpaid Overtime.***  Violation of Labor Code §§ 510, 1194, 1198; IWC Wage Orders.

b.     ***Unpaid Paid Sick Leave.***  Violation of Labor Code §§ 246 through 248.7.

c.     ***Unpaid Meal Period Premium Wages.***  Violation of Labor Code §§ 226.7, 512, 1198; IWC Wage Orders.

d.     ***Unpaid Rest Period Premium Wages.***  Violation of Labor Code §§ 226.7, 516, 1198; IWC Wage Orders.

e.     ***Untimely Payment of Wages During Employment.***  Violation of Labor Code §§ 204, 204b, 210.

f.     ***Untimely Payment of Wages Upon Separation of Employment.***  Violation of Labor Code §§ 201, 202, 203, 256.

g.     ***Non-Compliant Wage Statements.***  Violation of Labor Code §§ 226, 226.3.

h.     ***Unreimbursed Employee Expenses.***  Violation of Labor Code §§ 2802, 2804.

- 6 -

REPRESENTATIVE ACTION COMPLAINT
*Lopez v. FedEx Office and Print Services, Inc.*

1           i.     ***Failure to Maintain Accurate Records.***  Violation of Labor Code § 1174; IWC

2           Wage Orders.

3       40.    Plaintiff seeks to collect all recoverable civil penalties for the Labor Code violations

4   alleged in this Complaint and the PAGA notice (including amendments thereto) against Defendants

5   pursuant to Labor Code section 2699(a) and (f), in addition to attorneys' fees, costs, and interest to the

6   extent permitted by law, including under Labor Code section 2699(g).

7                                         **PRAYER**

8   Plaintiff prays for judgment as follows:

9   a.     For recovery of damages in amount according to proof;

10  b.     For all recoverable pre- and post-judgment interest;

11  c.     For recovery of all civil and statutory penalties and liquidated damages;

12  d.     For disgorgement of all amounts wrongfully obtained;

13  e.     For this action to be maintained as a representative action under the PAGA;

14  f.     For Plaintiff and counsel of record to be provided with all enforcement capability as if

15        the action were brought by the State of California or the California Division of Labor

16        Enforcement;

17  g.     For recovery of all civil penalties and other recoverable amounts under the PAGA;

18  h.     For reasonable attorneys' fees and costs of suit, including expert fees, to the extent

19        permitted by law, including (without limitation) under Labor Code § 2699; and

20  i.     For such other relief the Court deems just and proper.

Dated: October 19, 2023          ***Ferraro Vega Employment Lawyers, Inc.***

                              *Nicholas J Ferraro*

                              Nicholas J. Ferraro

                              *Attorneys for Plaintiff Norma Lopez*

REPRESENTATIVE ACTION COMPLAINT
*Lopez v. FedEx Office and Print Services, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

### Notice of Labor Code Violations

REPRESENTATIVE ACTION COMPLAINT
*Lopez v. FedEx Office and Print Services, Inc.*



# FERRARO VEGA
### SAN DIEGO EMPLOYMENT LAWYERS

Nicholas J. Ferraro
nick@ferrarovega.com
Lauren N. Vega
lauren@ferrarovega.com

**ATTORNEYS AT LAW**
3160 Camino del Rio South, Suite 308
San Diego, California 92108

619-693-7727
619-350-6855 fax
ferrarovega.com

August 14, 2023

## NOTICE OF LABOR CODE VIOLATIONS
## CALIFORNIA LABOR CODE SECTIONS 2698 *et seq.*

### VIA CERTIFIED U.S. MAIL
*- Electronic Return Receipt -*

FedEx Office and Print Services, Inc.
7900 Legacy Dr.
Plano, Texas 75024

*- PAGA Notice & Filing Fee -*
Submitted electronically to the Labor and
Workforce Development Agency

Dear LWDA Officer and Company Representatives:

This letter serves as written notice under Labor Code section 2699.3 on behalf of **NORMA LOPEZ** ("Plaintiff(s)") and all other "aggrieved employees" of the following "Defendant(s)":

### FEDEX OFFICE AND PRINT SERVICES, INC.

Defendant(s) shall mean and include the foregoing in addition to any other related employer entities, individuals under Labor Code sections 558 and 558.1, and all others who may be later added upon further investigation and discovery as liable employers.

This office serves as legal counsel for Plaintiff. If the California Labor and Workforce Development Agency ("LWDA") does not investigate the facts, allegations, and violations set forth in this notice within the statutorily prescribed 65-day period under Labor Code section 2699.3, Plaintiff intends to commence a civil action against Defendants as a proxy and agent of the State of California under the Private Attorneys General Act ("PAGA"). "PAGA allows an 'aggrieved employee'—a person affected by at least one Labor Code violation committed by an employer—to pursue penalties for all the Labor Code violations committed by that employer." *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal. App. 5th 745, 751; *Kim v. Reins International California, Inc.* (2020) 9 Cal. 73, 79. Plaintiff maintains standing to pursue these claims against Defendants, as Plaintiff experienced one or more of the alleged violations during the relevant statutory period, which continue through the present date. *Cf. Johnson v. Maxim Healthcare Servs., Inc.*, 281 Cal. Rptr. 3d 478, 481 (Cal. Ct. App. 2021).

Through this notice, Plaintiff requests that Defendants complete an internal investigation and audit of the wage and hour and employment practices at issue and make a good faith effort to correct any violations.  Plaintiff attempts to identify the non-compliant policies and practices affecting the aggrieved employees so that the parties may resolve the underlying damages and penalties in judgment or settlement approved by the Superior Court of California under Labor Code section 2699(k).  Defendants are notified that any attempt to resolve this case should be conducted in coordination with Plaintiff's counsel to protect the interests of Plaintiff, the aggrieved employees, and the State of California via the LWDA.  Plaintiff advises Defendants this letter should be also considered a reasonable attempt at settlement of this matter, subject to an exchange of additional documents and information.  *Graham v. Daimler Chrysler Corp.* (2004) 24 Cal. 4th 553, 561.

## - BACKGROUND -

Defendants employed Plaintiff during the PAGA Period in the positions of Center Consultant, Assistant Manager, and Office Manager from about May 2015 to June 2023.  During their employment Plaintiff and the other aggrieved employees were subject to the wage and hour and employment protections set forth in the California Labor Code and IWC Wage Orders.

Through this notice, Plaintiff informs the LWDA of the Labor Code violations set forth herein.  The "aggrieved employees" include Plaintiff and the following individuals:

> All current and former non-exempt employees who worked for Defendants in the State of California during one-year period preceding the date of this notice through the current date and the date of trial in any pending action (the "aggrieved employees" and the "PAGA Period").

Plaintiff reserves the right to expand or narrow the definition of the "aggrieved employees" in the forthcoming civil action.  Furthermore, Plaintiff seeks all recoverable civil penalties for Defendants' violations and reserves the right to supplement this notice as further investigation is completed and further facts, witnesses, and violations are uncovered.

## - PAGA CLAIMS –

### Unpaid Paid Sick Leave
### Violation of Labor Code §§ 246 through 248.7

Defendants violated Labor Code sections 246 through 248.7 with respect to the aggrieved employees.

Labor Code section 246 requires employers to provide paid sick leave to its workforce on the terms set forth in the statute.  Employers must comply with the accrual, use, and notice provisions of Labor Code sections 246, 246.5, 247, and must further ensure that they maintain

the paid sick leave records required by Labor Code section 247.5. Employers have the option of providing 24 hours of paid sick leave to employees or to allow employees to accrue paid sick leave each pay period. If an employer chooses the accrual method, employees must accrue sick leave at a rate of one hour for every thirty hours worked in a given pay period as set forth in Labor Code section 246(b)(1). Under the accrual method, employees must begin accruing paid sick leave at the commencement of employment.

Employers must pay sick leave in accordance with one of the three permissible methods provided in Labor Code section 246(l): (1) "the same manner as the regular rate of pay for the workweek;" (2) "by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days;" or (3) "for exempt employee ... in the same manner as the employer calculates wages for other forms of paid leave time." Labor Code sections 248.6 and 248.7 similarly require paid sick leave to be paid at a regular rate-based calculation in excess of the base hourly rate and at the lawful accrual rate.

Under Labor Code section 246(i), employers must provide employees "with written notice of the amount of paid sick leave available ... for use on either the employee's itemized wage statement ... or in a separate writing provided on the designated pay date with the employee's payment of wages."

Defendants failed to comply with California's paid sick leave laws with respect to the aggrieved employees. Plaintiff and aggrieved employees earned multiple forms of remuneration in addition to their base wages, including sales incentives based on district performance. When Plaintiff and aggrieved employees earned these sales incentives, or other forms of extra remuneration, in the same pay period as sick leave, Defendants failed to factor all non-discretionary forms of income into the aggrieved employees' sick leave wages. An example of Defendants' sick leave underpayment is below:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2400.0000 | 64.00 | 1,920.00 | |
| Ops CM Incent | | | 212.50 | |
| Sick Pay | 30.0000 | 8.00 | 240.00 | |
| Holiday Pay | 30.0000 | 8.00 | 240.00 | |
| | Gross Pay | $ | 2,612.50 | 24,224.17 |

Plaintiff's wage statement for the pay period September 5, 2022, to September 18, 2022, showing Plaintiff earned a sales incentive of $212.50. Plaintiff also utilized paid sick leave in this pay period, but Defendants only paid sick leave at Plaintiff's base hourly rate.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the aggrieved employees as provided under Labor Code section 2699

($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

## Unpaid Overtime
### Violation of Labor Code §§ 510, 1194, 1198; IWC Wage Orders

Defendants violated Labor Code sections 510, 1194, and 1198, along with the "Hours and Days of Work" sections of the applicable IWC Wage Orders with respect to the aggrieved employees.

Labor Code section 510 requires "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee;" and "any work in excess of 12 hours in any one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee;" and "any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." Labor Code section 1194 renders it unlawful for an employee to receive less than the legal overtime rate for overtime hours worked in California. Labor Code section 1198 renders "employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the [IWC Wage Orders]" unlawful. The IWC Wage Orders further require payment of overtime wages for all overtime hours worked, including the "Hours and Days of Work" sections.

To the extent Defendants committed the same regular rate violations alleged in the sick pay section above, Defendants failed to pay Plaintiff and the aggrieved employees overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages. Plaintiff seeks to recover for the corresponding overtime rate violation on behalf of the affected aggrieved employees.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the aggrieved employees, as provided under Labor Code sections 558 ($50/$100), 1199 / "Penalties" section of the IWC Wage Orders) ($50/$100), and 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

## Unpaid Meal Period Premium Wages
### Violation of Labor Code §§ 226.7, 512, 1198; IWC Wage Orders

Defendants violated Labor Code sections 226.7, 512, and 1198, along with the related sections of the IWC Wage Orders with respect to the aggrieved employees.

Labor Code section 512 and the IWC Wage Orders require that employers provide an uninterrupted 30-minute meal period after no more than five hours of work and a second meal period after no more than 10 hours of work. *See Brinker Restaurant Corp. v. Superior Court* (2012)

53 Cal. 4th 1004, 1049. <u>Labor Code section 226.7</u> requires that if a meal period is late, missed, short, or interrupted, the employer must pay one additional hour of pay at the employee's "regular rate" of compensation. *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal. 5th 858, 862 ("We hold that the terms are synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a), encompasses all nondiscretionary payments, not just hourly wages"). "[T]ime records showing noncompliant meal periods raise a rebuttable presumption of meal period violations, including at the summary judgment stage." *Donohue v. AMN Services, LLC* (2021) 11 Cal. 5th 58, 61. <u>Labor Code section 1198</u> renders "employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the [IWC Wage Orders]" unlawful. The IWC Wage Orders, including <u>Section 11</u> (<u>Meal Periods</u>), further require one uninterrupted 30-minute meal period after no more than five hours of work and a second meal period after no more than 10 hours of work and an additional hour of pay at the employee's regular rate of compensation for each workday that a compliant meal period is not provided. Pursuant to <u>Section 11(A)</u> of the IWC Wage Orders, the California Supreme Court has held that the on-duty meal period exception is "exceedingly narrow" and applies only when (1) "the nature of the work prevents the employee from being relieved of all duty" and (2) *both* "the employer and employee have agreed, in writing, to the on-duty meal period." *Augustus v. AMB Security Services, Inc.* (2016) 2 Cal. 5th 257, 266-276 (emphasis added). If these two requirements are not met, then the employer owes the employee one hour of premium pay for each non-compliant meal period taken under the purported on-duty meal arrangement. *Naranjo v. Spectrum Security Services, Inc.* (2019) 40 Cal. 5th 444, 459.

To the extent Defendants committed the same regular rate violations alleged in the sick pay section above with respect to premiums for deficient meal periods, Plaintiff seeks to recover for the corresponding meal premium underpayment and section 226.7 violation on behalf of the affected aggrieved employees.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

### Unpaid Rest Period Premium Wages
### Violation of Labor Code §§ 226.7, 516, 1198; IWC Wage Orders

Defendants violated Labor Code sections 226.7, 516, and 1198, and the related sections of the IWC Wage Orders with respect to Plaintiff and the aggrieved employees.

<u>Labor Code sections 226.7</u> and <u>516</u> and the <u>IWC Wage Orders</u> require that employers authorize and permit an uninterrupted 10-minute rest period for each four-hour period (or major fraction thereof) that an employee works. <u>Labor Code section 226.7</u> requires that if a rest period is non-compliant, the employer must pay one additional hour of pay at the employee's "regular rate" of compensation. *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11

Cal. 5th 858, 862 ("We hold that the terms are synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a), encompasses all nondiscretionary payments, not just hourly wages"). Labor Code section 1198 renders "employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the [IWC Wage Orders]" unlawful. The IWC Wage Orders, including Section 12 (Rest Periods), further require one uninterrupted 10-minute rest period for each four-hour period (or major faction thereof) worked and an additional hour of pay at the employee's regular rate of compensation for each workday that a compliant rest period is not authorized or permitted.

To the extent Defendants committed the same regular rate violations alleged in the sick pay section above with respect to premiums for deficient rest periods, Plaintiff seeks to recover for the corresponding meal premium underpayment and section 226.7 violation on behalf of the affected aggrieved employees.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the aggrieved employees, as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

## Untimely Payment of Wages During Employment
### Violation of Labor Code §§ 204, 204b, 210

Defendants violated Labor Code sections 204 and/or 204b and 210, as applicable, with respect to Plaintiff and the aggrieved employees.

Labor Code section 204(a) requires payment of "all wages" for non-exempt employees at least twice each calendar month. Labor Code section 204(d) states all wages due must be paid "not more than seven calendar days following the close of the payroll period." Labor Code section 204b applies to employees paid on a weekly basis and also requires the payment for all labor within the required pay periods. Labor Code section 210 provides "every person who fails to pay the wages of an employee as provided in Section … 204 … shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

Because Defendants failed to pay all wages and premiums in each pay period in which such wages were earned at the lawful rate, Defendants violated Labor Code section 204 and/or 204b (for weekly employees, as applicable). Specifically, Defendants failed to factor in some forms of non-discretionary income into the lawful rate for the aggrieved employees' sick pay. Additionally, Defendants failed to timely and fully reimburse Plaintiff and aggrieved employees for necessary expenses the employees incurred. Defendants violated Labor Code sections 204 and 204b by failing to pay all wages and premiums owed on the regular pay days scheduled

each pay period within seven calendar days of the close of the payroll period, as a result of the policies and practices set forth in this notice.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, and Labor Code section 210 ($100/$200) per violation per pay period, along with all other civil penalties permitted by law.

## Untimely Payment of Wages Upon Separation of Employment
### Violation of Labor Code §§ 201, 202, 203, 256

Defendants violated Labor Code sections 201, 202, and 203 with respect to the aggrieved employees by failing to pay all wages and premiums owed upon termination of employment.

Labor Code section 201 requires that if an employer fires an employee, the wages must be paid immediately.   Labor Code section 202 requires that if an employee quits without providing 72 hours' notice, his or her wages must be paid no later than 72 hours thereafter. Labor Code section 202 states that if an employee provides 72 hours' notice, the final wages are payable upon his or her final day of employment.   Labor Code section 203 requires an employer who fails to comply with Labor Code sections 201 or 202 to pay a waiting time penalty for each employee, up to a period of 30 days additional compensation.

Defendants failed to pay all wages and premiums owed to aggrieved employees during their employment as set forth in this notice, and also failed to timely pay those amounts to departing employees upon separation of employment. Specifically, Defendants failed to factor in some forms of non-discretionary income into the lawful rate for the aggrieved employees' sick pay. Additionally, Defendants failed to timely and fully reimburse Plaintiff and aggrieved employees for necessary expenses the employees incurred. Defendants did not pay waiting time penalties for the late payments.  As a result, Defendants violated Labor Code sections 201, 202, and 203.

As a result, Plaintiff may recover civil penalties on behalf of aggrieved employees and the State of California as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

## Non-Compliant Wage Statements
### Violation of Labor Code §§ 226, 226.3

Defendants violated Labor Code sections 226(a) and 226.3 with respect to the aggrieved employees by failing to furnish itemized wage statements each pay period that accurately list all information required by Labor Code section 226(a)(1) through (9).

Labor Code section 226(a) requires an employer to furnish wage statements to employees semimonthly or at the time of each payment of wages, "an accurate itemized statement in

writing showing:" (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units earned and applicable piece-rate in effect, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the pay period, (7) the name of the employee and last four digits of SSN or an EIN, (8) the name and address of the legal name of the employer, and (9) all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate by the employee.

Defendants failed to provide accurate itemized wage statements to the aggrieved employees each pay period as a result of the policies and practices set forth in this notice. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net wages earned," as the employees earned wages that were not paid, resulting in an inaccurate reflection, and recording of "gross wages earned" on those wage statements.

Further, in violation of Labor Code section 226(a)(8) Defendants failed to list the proper name and address of the employer on Plaintiff and aggrieved employees' wage statements. The wage statements list the employer as "FedEx Office & Print Services," but the proper employer is instead "FedEx Office <u>and</u> Print Services<u>, Inc</u>."

Finally, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages owed to employees. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub. Additionally, as seen on Plaintiff's wage statement below, Defendants incorrectly stated Plaintiff's hourly rate at $2,400 instead of $30.00 per hour. Because Plaintiff earned an hourly rate of $30 per hour for regular hours in this pay period, Defendants' including of $2,400, an incorrect hourly rate, violated Labor Code section 226(a)(9). This policy and practice occurred as a matter of payroll administration and Plaintiff seeks to recover for the same violation committed against all other aggrieved employees.

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2400.0000 | 64.00 | 1,920.00 | |
| Ops CM Incent | | | 212.50 | |
| Sick Pay | 30.0000 | 8.00 | 240.00 | |
| Holiday Pay | 30.0000 | 8.00 | 240.00 | |
| | <u>Gross Pay</u> | $ | 2,612.50 | 24,224.17 |

Plaintiff and other aggrieved employees cannot promptly and easily determine from the wage statement alone the wages paid or earned without reference to other documents or information. Indeed, these wage statement violations are significant because they sow confusion among Plaintiff and other aggrieved employees with respect to what amounts were owed and paid, at what rates, the number of hours worked, and how those amounts were or

should be calculated. The wage statements reflect a false statement of earnings and concealed the underlying problems and underpayments of employee wages.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the aggrieved employees, as provided under Labor Code sections 226.3 ($250/$1,000) and 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

### Unreimbursed Employee Expenses
### Violation of Labor Code §§ 2802, 2804

Defendants violated Labor Code section 2802 with respect to the aggrieved employees by failing to reimburse the aggrieved employees for all necessary expenditures or losses incurred as part of their job duties.

Labor Code section 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." *See, e.g., Espinoza v. West Coast Tomato Growers, LLC,* 2016 WL 4468175 at *4, n.2 (S.D. Cal. Aug. 24, 2016, No. 14-CV-2984 W (KSC)).

Labor Code section 2804 affirms that "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

Defendants required Plaintiff and the aggrieved employees to incur costs for work-related purposes without full reimbursement. In direct consequence of their job duties, Plaintiff and the aggrieved employees unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice. Defendants expected Plaintiff and the aggrieved employees to utilize their personal cell phones to perform several work tasks. For example, Plaintiff needed to download the apps Microsoft Teams, Dynamic Signal, and other related apps to communicate with her district, handle scheduling, and keep current with Defendants' company updates and developments. Additionally, Defendants expected Plaintiff and other aggrieved employees to engage with and respond to messages from both District personnel and individual office teams via group text messages.

Regarding Dynamic Signal, Defendants, through their Distract Managers, communicated to Plaintiff and other aggrieved employees that the employees needed to disseminate information from Dynamic Signal to all employees in their direct chain of management. Despite Dynamic Signal eventually becoming available on a website basis, aggrieved employees could still only upload required content to Dynamic Signal by using their personal cell phones. Therefore,

Plaintiff and aggrieved employees regularly incurred costs and expenses through the use of personal cell phones to perform work tasks.

During her employment, Plaintiff was not reimbursed for her cell phone use. Although Defendants paid Plaintiff retroactive payments of $10 per month for her cell-phone use upon separation of employment, Plaintiff believes and alléges that this amount was underpaid, and that Defendants have not likewise reimbursed other aggrieved employees for these costs either during employment or upon separation.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the aggrieved employees, as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

### Failure to Maintain Accurate Records
### Violation of Labor Code § 1174; IWC Wage Orders

Defendants violated Labor Code sections 1174 and the IWC Wage Orders by failing to maintain accurate employee payroll records with respect to Plaintiff and other aggrieved employees.

Labor Code section 1174 requires that employers maintain accurate "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments." Section 7(A) of the IWC Wage Orders, which may be enforced through Labor Code section 1198, mandates similar recordkeeping obligations.

Because of the policies and practices set forth in this notice, including the failure to accurately account for wages earned or hours worked, Defendants failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the aggrieved employees, as provided under Labor Code section 1174.5 ($500) and 2699 ($100/$200), along with all other civil penalties permitted by law.

### Attorneys' Fees and Costs
### Labor Code § 2699(g)

Plaintiff has been compelled to retain the services of counsel to protect the interests of other aggrieved employees and the State of California. Plaintiff continues to incur attorneys' fees and costs, which are recoverable under California law, including Labor Code section 2699(g).

## – LITIGATION HOLD NOTICE –

This letter imposes a duty upon all defendants and their respective employees, officers, directors, executives, attorneys, human resource and payroll personnel, accountants, and other agents to preserve all physical and electronic evidence, including electronically stored information and emails, which relate to the employment of Plaintiff and the aggrieved employees specified in this notice. Evidence includes, but is not limited to, Defendants' written employment and payroll policies and handbooks; the aggrieved employees' personnel files and payroll records, such as paystubs, time records, wage statements, compensation reports, as well as the underlying electronically data in Excel or similar format. Memoranda and internal and external correspondence relating to the subject matter of this notice shall also be maintained. Failure to preserve and retain relevant evidence may constitute spoliation of evidence and result in an adverse inference or sanctions.

If you have any questions regarding the scope of your obligations to preserve evidence, please consult your legal counsel and always err on the side of caution. Periodic or regularly scheduled purges or deletions of information covered by this hold must be suspended immediately.

## – CONCLUSION –

If the LWDA does not pursue enforcement, Plaintiff intends to bring representative claims on behalf of the State of California and the aggrieved employees seeking civil penalties for violations of the Labor Code and the IWC Wage Orders, along with attorneys' fees, costs, interest, and other appropriate relief.

Please advise if the LWDA intends to investigate any of the factual or legal allegations set forth in this notice. Defendants may contact Plaintiff's counsel with any questions regarding this letter or the forthcoming lawsuit.

Sincerely,

Nicholas J. Ferraro

Nicholas J. Ferraro

REJ

Cc    Plaintiff Norma Lopez

Kyle W. Nageotte, Counsel for Defendants
nageottek@higgslaw.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Nicholas J. Ferraro (SBN 306528) / Lauren N. Vega (SBN 306525)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308, San Diego, CA 92108
TELEPHONE NO.: (619) 693-4007    FAX NO. *(Optional):* (619) 350-6855
E-MAIL ADDRESS: nick@ferrarovega.com / lauren@ferrarovega.com
ATTORNEY FOR *(Name):* Plaintiff Norma Lopez

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/19/2023** at 03:07:42 PM

Clerk of the Superior Court
By Marfil Estrada,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: San Diego County Superior Court - Hall of Justice

CASE NAME:
Norma Lopez v. FedEx Office and Print Services, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2023-00046552-CU-OE-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Carolyn Caietti  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 1 - PAGA Claim.
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 19, 2023

Nicholas J. Ferraro
(TYPE OR PRINT NAME)                                                       *Nicholas J. Ferraro*
                                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| | | | | |
|---|---|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:  330 W Broadway
MAILING ADDRESS:  330 W Broadway
CITY AND ZIP CODE:  San Diego, CA 92101-3827
DIVISION:  Central
TELEPHONE NUMBER:  (619) 450-7070

PLAINTIFF(S) / PETITIONER(S):  Norma Lopez

DEFENDANT(S) / RESPONDENT(S):  Fedex Office and Print Services Inc

LOPEZ VS FEDEX OFFICE AND PRINT SERVICES INC [IMAGED]

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**

CASE NUMBER:
37-2023-00045552-CU-OE-CTL

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Carolyn Caietti                    Department: C-70

**COMPLAINT/PETITION FILED:** 10/19/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/03/2024 | 09:30 am | C-70 | Carolyn Caietti |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.