Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Norma Lopez*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 23-cv-02155-JO-SBC<br><br>**CLASS ACTION**<br><br>**Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand (28 U.S.C. § 1447)**<br><br>**Motion to Remand**<br><br>Judge: Jinsook Ohta<br>Courtroom: 4C |

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | LEGAL STANDARD | 2 |
| IV. | ARGUMENT | 3 |
| | A. The anti-aggregation and pro rata standards apply in PAGA cases. | 5 |
| | B. Plaintiff's pro rata share of attorneys' fees at issue is well below $50,000. | 7 |
| | C. Plaintiff's realistic pro rata share of attorneys' fees is only hundreds of dollars, up to perhaps a few thousand dollars max. | 8 |
| | D. Accepting Defendant's $50,000 toward Plaintiff's individual attorneys' fees requires absurd conclusions. | 8 |
| V. | ATTORNEYS' FEES REQUEST | 10 |
| VI. | CONCLUSION | 10 |

## I. INTRODUCTION

Presently before the Court is FedEx Office and Print Services, Inc.'s Notice of Removal of Civil Action to federal court on the basis of traditional diversity jurisdiction under 28 U.S.C. § 1332(A). (ECF #1, [hereinafter, "Removal" or "NOR.)

Plaintiff Norma Lopez brings this Motion to Remand under 28 U.S.C. § 1447(c) because Defendant failed to show the amount in controversy exceeds $75,000, a required showing for traditional diversity jurisdiction. Defendant improperly attributes $50,000 in attorneys' fees for Plaintiff's individual PAGA claim alone, without regard for Ninth Circuit precedent that requires a pro rata distribution to of fees to each employee, based on the *total* amount in controversy: "any potential attorneys' fees award is not automatically attributed solely to the named plaintiff for purposes of calculating the amount in controversy." *Robles v. Roller Bearing Co. of Am.*, 2021 WL 4261517, at *5-6 (E.D. Cal. Sept. 20, 2021) (citing *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 858 [9th Cir. 2001]; *Gibson v. Chrysler Corp.*, 281 F. 3d 927 [9th Cir. 2001]; and *Canela v. Costco Wholesale Corporation*, 971 F.3d 845, 850, n.2 [9th Cir. 2020]); *see also Stokes v. SkyFineUSA, LLC*, 2023 WL 2889825, at *3 (E.D. Cal. Apr. 11, 2023); *see also Urbino v. Orkin Servs. of Calif.*, 726 F.3d 1118 (9th Cir. 2013) (applying anti-aggregation principles in PAGA claims).

Defendant's proposed method of allocating attorneys' fees to the named plaintiff alone is a tactic recently referred to by one district court as "frivolous in light of on-point, controlling authority[.]" *See Higginbotham v. South East Employee Leasing Services, Inc.*, No. 2:20-cv-00575-KJM-DB (E.D. Cal. Sept. 15, 2020); *Guerrero v. NWestco, LLC*, No. 2:22-cv-01620-WBS-JDP, 2022 WL 16961124 (E.D. Cal. Nov. 16, 2022). ("that is not the approach required by the Ninth Circuit. … plaintiff's pro rata share of the class-wide attorneys' fees should be used in calculating the amount in controversy.")

Based on the authorities herein and the two supporting declarations, Plaintiff asks the Court to remand this case to state court and award attorneys' fees). [1]

## II. BACKGROUND

On October 19, 2023, Plaintiff filed a Representative Action Complaint in San Diego County Superior Court, alleging a single claim for Civil Penalties Under the Private Attorneys General Act (Labor Code §§ 2698 *et seq.*). (*See* ECF #1-2, Ex. A.)

On November 22, 2023, Defendant filed a Notice of Removal under 28 U.S.C. § 1332(a), 1441, 1446, claiming traditional diversity jurisdiction due to (a) diversity of citizenship (NOR, ¶¶ 12-19) and (b) the amount in controversy exceeding $75,000 ($36,900 in individual PAGA penalties for the named plaintiff *plus* $50,000 in attorneys' fees for Plaintiff's individual claims alone) (NOR, ¶¶ 20-32.)

Prior to filing suit, Plaintiff provided Defendant with the authorities addressed in this motion, requesting Defendant stipulate to remand. Defendant declined. Plaintiff hereby files the instant motion, challenging Defendant's improper method of including attorneys' fees in the amount in controversy. (Ferraro Decl., ¶¶ 3-4.)

## III. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Coffin v. Magellan HRSC, Inc.*, 2020 WL 773255, 19-CV-2047-BAS-NLS (S.D. Cal., Feb. 18, 2020) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 [1994]). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

---

[1] Under 28 U.S.C. § 1447(c), Plaintiff requests attorneys' fees and costs "incurred as a result of the removal." Plaintiff will withdraw the attorneys' fees request in her reply brief if Defendant agrees to stipulations (addressed below) which will allow Plaintiff's counsel (and the Court) to avoid unnecessary additional motion work while this remand motion is pending. *See infra* Part V.

Traditional diversity jurisdiction exists only where an action is between "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction." *Coffin*, 2020 WL 773255, at *1 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 [9th Cir. 1992]); *Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

"A motion to remand is the proper procedure for challenging removal." *Coffin*, 2020 WL 773255, at *2; (citing *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) [citing 28 U.S.C. § 1447(c)]). Removal turns on whether the case could have originally been filed in federal court. *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

Important here, "[t]he amount in controversy is determined by the complaint operative at the time of removal and <u>encompasses all relief a court may grant on that complaint</u> if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F. 3d 413, 414-15 (emphasis added).

## IV.  ARGUMENT

Based on Defendant's improper attribution of the attorneys' fees to the named plaintiff alone (and failure to account for the Ninth Circuit's aggregation principles for addressing the amount in controversy for attorneys' fees), the matter in controversy does not "exceed the sum or value of $75,000" under 28 U.S.C. § 1332(a) and the case must be remanded under 28 U.S.C. § 1447(c) due to a lack of subject matter jurisdiction.

### A.  Defendant's inclusion of $50,000 to the named Plaintiff's individual attorneys' fees violates Ninth Circuit precedent and established case law

The Notice of Removal asks the Court to look exclusively at the named plaintiff's <u>individual</u> attorneys' fees, accept that amount is $50,000, and hold that the $75,000

jurisdictional threshold is thus satisfied. (NOR, ¶¶ 32-33.) Meet and confer correspondence from Defendant's counsel confirms this methodology:

> "… as set forth in the Notice of Removal, the amount in controversy only includes Plaintiff's individual PAGA penalties and the (conservative) anticipated attorneys' fees that Plaintiff would be entitled to should she prevail in arbitration on her individual PAGA claims."

(Ferraro Decl., ¶¶ 3-4, Ex. 1.)

Under Ninth Circuit precedent, however, it would be a mistake to adopt Defendant's proposal of adding $50,000 for Plaintiff's *individual* attorneys' fees: "any potential attorneys' fees award is not automatically attributed solely to the named plaintiff for purposes of calculating the amount in controversy." *Robles v. Roller Bearing Co. of Am.*, 2021 WL 4261517, at *5-6 (E.D. Cal. Sept. 20, 2021) (citing *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 858 [9th Cir. 2001]; *Gibson v. Chrysler Corp.*, 281 F. 3d 927 [9th Cir. 2001]; and *Canela v. Costco Wholesale Corporation*, 971 F.3d 845, 850, n.2 [9th Cir. 2020]).

Plaintiff's Representative Action Complaint contains a single PAGA cause of action. (ECF #1-2, p 3.) The summons and complaint's case caption make known this suit was filed by "NORMA LOPEZ, individually and on behalf of all others similarly situated and the State of California under the Private Attorneys General Act." (ECF#1-2, pp. 2-26.) Paragraph 27 of the Representative Action Complaint states Plaintiff brings this case as "a proxy for the State of California on behalf of the following 'aggrieved employees' pursuant to the Private Attorneys General Act":

> "All current and former non-exempt employees who worked for Defendant in California at any time from one year prior to the postmark date of the initial PAGA notice through date of trial."

(ECF #1-2, p. 7 [Rep. Action Compl.])

Plaintiff directs the Court's attention to the thorough, well-reasoned, and correctly decided opinion in *Robles*, 2021 WL 4261517, at *5-8. Relying upon Ninth

Circuit precedent in *Gibson v. Chrysler Corporation.*, 261 F.3d 927, 941 (9th Cir. 2001) and *Canela v. Costco Wholesale Corporation*, 971 F.3d 845, 850, n.2 (9th Cir. 2020), the Court held "any attorneys' fees awarded [must] be divided among all members of a class when calculating the amount in controversy." *Id.* at p. *6.

This is the correct approach that is taken by district courts in class and PAGA actions throughout the state when faced with a situation where a defendant removes a class or representative action and then elects to unduly attribute the class or representative damages and/or attorneys' fees exclusively to the named plaintiff's individual amount in controversy (or, as is the case here, simply disregard the actual "amount in controversy" and the plaintiff's pro rata share of the attorneys' fees). *See, e.g., Stokes v. SkyfineUSA, LLC*, 2023 WL 2889825, (E.D. Cal. Apr. 11, 2023); *Butt v. 9W Halo Western OPCO, LP*, 2023 WL 196472, (E.D. Cal. Jan. 13, 2023) ("Only plaintiff's pro rata share of attorneys' fees is appropriately considered"); *Guerrero v. NWestCo, LLC*, 2022 WL 16961124, (E.D. Cal. Nov. 15, 2022) ("[T]he parties' briefing assumes that attorneys' fees should be calculated as if the action were to proceed as to a single plaintiff… However, that is not the approach required by the Ninth Circuit. Rather, plaintiff's pro rata share of the class-wide attorneys' fees should be used in calculating the amount in controversy."); *Caballero v. Fidelitone Last Mile, Inc.*, 2020 WL 7350214, (N.D. Cal. Dec. 15, 2020) ("[Defendant's] calculation of attorney's fees fails to account for the fact that, for purposes of determining the amount in controversy in class action cases, attorney's fees must be calculated on a pro-rata basis.")

**A. The anti-aggregation and pro rata standards apply in PAGA cases.**

The standard applies for PAGA only actions like this one. "[I]t would seriously undermine the [anti-aggregation] rule to allow attorney's fees to be allocated solely to a named plaintiff in determining the amount in controversy." *Patel v. Nike Retail Servs., Inc.*, 58 F.Supp.3d 1032, 1049 (N.D. Cal. 2014) ("in PAGA cases, that amount must be reduced to reflect only Plaintiff's pro rata share of those fees"). "In PAGA actions, only the named plaintiff-employees' pro rata share of attorneys' fees is considered."

*Higginbotham*, No. 2:20-cv-00575-KJM-DB (E.D. Cal. Sept. 15, 2020) (citing *Patel*); *Canela*, 2020 WL 4920949, at *4. In fact, contrary to Defendant's purported opposition that the anti-aggregation and pro rata rules apply to class cases only, the Ninth Circuit first articulated these anti-aggregation principles and parameters in a PAGA case called *Urbino v. Orkin Servs. of Calif.*, 726 F.3d 1118 (9th Cir. 2013), which was then recognized again in *Canela* and the many other cases cited herein.

Furthermore, Defendant's anticipated defense may be that its approach for valuing attorneys' fees in PAGA actions is now valid (and, by logical extension, all prior Ninth Circuit precedent does not apply) due to the Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. ___(2022). In response to *Viking River,* however, the California Supreme Court affirms the representative nature of PAGA cases, which governs: "[w]here a plaintiff has brought a PAGA action comprising individual and non-individual claims, an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA." *Adolph v. Uber Tech., Inc.*, 14 Cal. 5th 1104, 1114 (2023). In other words, when looking at the amount in controversy for this case, the Court must continue to look at the entire representative action, rather than the individual component of it. *Chavez*, 888 F. 3d at 414-15 ("[t]he amount in controversy is determined by the complaint operative at the time of removal and <u>encompasses all relief a court may grant on that complaint</u> if the plaintiff is victorious") (emphasis).

Indeed, dismantling a PAGA action by dismissing the representative claims is a reversable error. *See Radcliffe v. San Diego Gas & Electric*, Case No. 20-CV-1555-H-MSB (S.D. Cal., Nov. 28, 2023) (Order Pending Mandate Hearing). As the California Supreme Court in *Adolph* reiterates, the representative or "non-individual" component of the PAGA claim remains even if a trial court compels the individual claims to arbitration. *See, e.g., Quitero de Vazquez v. Tommy Bahama R&R Holdings, Inc.*, Case No. 3:22-cv-01881-JES-KSC (S.D. Cal, Nov. 29, 2023) (Order re Mtn. to Compel; Denying Mtn. to Dismiss; Staying Rep. Ac Proceedings Pending Arb.) Whether the

trial court allows the representative claim proceed in civil court at the same time the individual PAGA claim is in arbitration is left "to the trial court's sound discretion." *Barrera v. Apple American Group, LLC*, 95 Cal. App., 5th 63, 95 (2023) (citing *Adolph*). Argument that *Viking River* renders a whole body of removal case law (i.e., the anti-aggregation principles cited herein) invalid in PAGA actions is false, unsupported by *Viking River*, contrary to precedent from the California Supreme Court in *Adolph*, and a position that has not been adopted by any district court in California.

**B. Plaintiff's pro rata share of attorneys' fees at issue is well below $50,000.**

Defendant's suggested manner of calculating attorneys' fees—applying $50,000 for the named plaintiff's claims alone—fails to account for the "amount in controversy" legal standard that controls the Court's ultimate determination at this juncture.

What Defendant did in its Removal was ignore the representative nature of the action, disregard the other aggrieved employees, and pretend this is an individual action by the named plaintiff alone, such that the Court need not look at the "amount in controversy," but instead look at this case as though it were a purely individual action, which it is not. *Cf. Mutchler v. Circle K Stores, Inc.*, No. 20-CV- 1239-GPC (BGS), 2020 WL 5511985 (S.D. Cal. Sept. 14, 2020) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 [9th Cir. 2018]) ("In determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. [citation] 'The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.'").

Accordingly, under the authorities, Defendant's $50,000 in claimed fees is unsupported. *See Robles*, 2021 WL 4261517, at *8-9 ("Defendant's calculation of [$50,000] in attorneys' fees must [instead] be spread among the class"); *Higginbotham*, No. 2:20-cv-00575-KJM-DB (E.D. Cal. Sept. 15, 2020) ("attorneys' fees are reduced to the pro-rata share attributable to the named plaintiffs") (citing *Canela*).

**C. Plaintiff's realistic pro rata share of attorneys' fees is only hundreds of dollars, up to perhaps a few thousand dollars max.**

The Court must assess Plaintiff's pro rata share of attorneys' fees by looking at a reasonable estimate of the fees for the entire case, then dividing those fees by the total number of aggrieved employees allegedly covered in this PAGA action. Defendant's Removal does not provide the number of employees, but simply concludes Plaintiff's individual share is $50,000.

Defendant's Removal and supporting papers do not state what is needed to complete the proper analysis, despite maintaining these records (i.e., [i] the total number of non-exempt employees during the PAGA period who are allegedly covered in this action; and [ii] Defendant's reasonable estimate of attorneys' fees for the case as a whole.) However, based the declaration of Plaintiff Norma Lopez filed in support of this Motion, the Court can find Defendant employed at least 9 employees *at her location alone* during the one-year statutory PAGA period of June 2022 through the present. (Lopez Decl. ¶¶ 4-5.) Plaintiff Lopez, based on her personal knowledge, estimates that she worked with approximately 9 employees during her employment, and that she would estimate about eight to fourteen total current and former employees per store at any one particular time. (Lopez Decl. ¶¶ 4-5.) Therefore, based on a very conservative assumption of **nine employees** and **ten store locations** (there are many more in California, *see* Lopez Dec., Ex. 1-4), there would be **90 employees** at issue, an understatement. (*See id.*) Regardless, *dividing $50,000 by 9 or 90 or 900 employees reduces the attorneys' fees and brings the amount below the $75K threshold.*

**D. Accepting Defendant's $50,000 toward Plaintiff's individual attorneys' fees requires absurd conclusions.**

"To satisfy the [$75,000 traditional diversity] amount in controversy requirement, defendant must establish that plaintiff's pro rata share of the attorneys' fees is likely to exceed [$38,000, the amount Defendant needs to get over the threshold]." *Stokes v. SkyFineUSA, LLC*, 2023 WL 2889825, at *3 (E.D. Cal. Apr. 11,

2023). The *Stokes* court describes how the math is done, which illustrates the <u>absurdity</u> of the individual $50K fee amount Defendant asks the Court to accept:

> [F]or purposes of this inquiry, the court conservatively assumes that there are 1,000 putative class members and allocates the attorneys' fees equally between them. Based on these assumptions, plaintiff's counsel would need to be awarded more than $69,600,000 as a "reasonable" attorneys' fee award. *See Buchanan v. Aramark Campus, LLC*, No. 19-cv-00384 VKD, 2019 WL 3302164, at *7 (N.D. Cal. July 23, 2019) (applying similar calculation in determining total requisite attorneys' fees based on plaintiff's pro rata share). Defendant has provided no reason to believe that attorneys' fees in this action would reach such an absurdly high amount.
>
> This $69,600,000 figure results from $69,600 in attorneys' fees multiplied by 1,000 putative class members.
>
> Even if the court were to consider attorneys' fees as if the action were to proceed with a single plaintiff, defendant has not provided any evidence to establish that attorneys' fees would reach $69,600 for a case involving damages stemming from $5,400 in allegedly overcharged fees.

Here, Defendant's $50,000 in attorneys' fees *attributed to the named plaintiff alone* to be accurate would mean the total amount of attorneys' fees at issue would be **<u>$4.5 million</u>** in attorneys' fees ($50,000 * 90 employees)—an absurd amount that is unsupported by evidence. If the actual number of employees is used (rather than the 90-employee number based on Plaintiff's declaration), Defendant's fee attribution is **$25,000,000** at 500 employees; **$50,000,000** at 1,000 employees; **$100,000,000** at 2,000. Only Defendant has the total employee number to do this math correctly.

**B.   Defendant's declaration fails to support a reasonable valuation of fees.**

Even if the Court were to look past the Ninth Circuit standard applicable to attorneys' fees in class and representative actions within the context of removals, Defendant fails to prove the $50,000 amount by a preponderance of evidence, as required under *Fritsch v. Swift Transportation Co.*, 899 F.3d 785, 796 (9th Cir. 2018).

## V. ATTORNEYS' FEES REQUEST

Under 28 U.S.C. § 1441(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Higginbotham*, the defendant removed the case and asked the Court to attribute fees to the named plaintiff alone to get over the $75,000 diversity jurisdiction hurdle, without doing the pro rata analysis required by *Urbino, Canela*, and *Gibson*. The Court concluded this was improper "in light of on-point, controlling authority" and noted "where no objectively reasonable basis exists, fees should be awarded." *Higginbotham*, No. 2:20-cv-00575-KJM-DB (E.D. Cal. Sept. 15, 2020).

There is no objective basis for Defendant's method of calculating attorneys' fees. Ninth Circuit precedent and many district courts provide precedent and guidance, which was ignored. Plaintiff met and conferred to avoid the need for this motion. Defendant refused to stipulate to remand, and Plaintiff's counsel expended 6 hours preparing this motion, plus an estimated 3 hours for the reply brief. Nine total hours, multiplied by Plaintiff's counsel's rate of $550 per hour, results in $4,950 in attorneys' fees. (*See* Ferraro Decl., ¶ 6 [hours] and ¶¶ 7-11 [hourly rates], Ex. 2 [firm resume].)

Moreover, Defendant intends to file a motion to compel arbitration while this motion to remand is pending, which may be denied as moot upon remand. This will require Plaintiff's opposition. Plaintiff' counsel inquired whether defense counsel will stipulate to allow Plaintiff to oppose the arbitration motion only <u>after</u> the Court rules on this motion to remand. If Plaintiff needs to oppose the motion to compel arbitration now in federal court (only for it to be later denied as moot upon remand) and then revamp her opposition for the state court standard once the case is remanded, this will result in considerably more unnecessary hours for Plaintiff. (*See* Ferraro Decl. ¶¶ 3-4.)

Accordingly, if Defendant jointly stipulates to this briefing schedule, Plaintiff will withdraw this attorneys' fee request and appreciate the courtesy.

## VI. CONCLUSION

Plaintiff respectfully asks that the Court remand this action.

Respectfully submitted,

Dated: December 11, 2023			**Ferraro Vega Employment Lawyers, Inc.**

			<u>/s/ Nicholas J. Ferraro</u>
			Nicholas J. Ferraro
			*Attorneys for Plaintiff Norma Lopez*