1  JAMES M. PETERSON (Bar No. 137837)
   peterson@higgslaw.com
2  KYLE W. NAGEOTTE (Bar No. 285599)
   nageottek@higgslaw.com
3  HIGGS FLETCHER & MACK LLP
   401 West A Street, Suite 2600
4  San Diego, California 92101-7910
   Telephone:  (619) 236-1551
5  Facsimile:   (619) 696-1410

6  Attorneys for Defendant
   FEDEX OFFICE AND PRINT
7  SERVICES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA LOPEZ, individually and on behalf of all others similarly situated and the State of California under the Private Attorneys General Act,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  3:23-cv-2155-JO-SBC<br><br>**DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>JUDGE:  Hon. Jinsook Ohta<br>DATE:   January 31, 2024<br>TIME:   9:00 a.m.<br>CRTRM.: 4C |

12071657.1

Case No. 3:23-cv-2155-JO-SBC
DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Defendant FEDEX OFFICE AND PRINT SERVICES, INC. ("Defendant") respectfully submits this Opposition to Plaintiff NORMA LOPEZ' ("Plaintiff") Motion to Remand ("Motion").

## I.    INTRODUCTION

Plaintiff filed a Motion to Remand claiming that Defendant is unable to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.  In making this argument, Plaintiff's Motion ignores settled law and misconstrues Defendant's factual and legal arguments in its Notice of Removal of Civil Action. (Dkt. 1.)  For the reasons set forth herein, Defendant respectfully requests the Court deny Plaintiff's Motion.

This is a PAGA-only action[1] wherein Plaintiff seeks civil penalties and attorneys' fees on her individual PAGA claims and also seeks (in violation of the arbitration agreement she executed during her employment with Defendant) to prosecute non-individual PAGA claims for absent employees.

In its Notice of Removal of Civil Action, Defendant calculated the amount in controversy to meet this Court's jurisdictional minimums using only the PAGA civil penalties Plaintiff would obtain should she prevail on her individual PAGA claims and the attorneys' fees on those individual PAGA claims.   (See Dkt. 1, ¶¶ 23-33.) This calculation is appropriate following the United States Supreme Court's holding

---

[1] While not included on her original Complaint, Plaintiff has recently added the words "**CLASS ACTION**" [emphasis in original] to the caption of her filings in this case.  This case is not, however, a class action and the litany of class action authorities cited by Plaintiff in her Motion should be disregarded.  (See, e.g., *Arias v. Superior Ct.* (2009) 46 Cal. 4th 969, 975 [PAGA actions and class actions are dissimilar in nature]; *Cardenas v. McLane Foodservices, Inc.* (C.D. Cal., Jan. 31, 2011) SACV 10-473 DOC FFMX, 2011 WL 379413, *3 [a PAGA claim neither purports to be a class action nor intends to accomplish the goals of a class action]; *Sample v. Big Lots Stores, Inc.* (N.D. Cal., Nov. 30, 2010) C 10-03276 SBA, 2010 WL 4939992, *3 [PAGA claims are distinct from class actions].)

12071657.1                                          1                      Case No. 3:23-cv-2155-JO-SBC
DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

in *Viking River Cruises, Inc. v. Moriana*. (142 S.Ct. 1906, 1911 (2022) ["*Viking River*"])

In *Viking River*, the Supreme Court rejected California's "*Iskanian* rule" against dividing PAGA claims into individual and non-individual components and held that when (as here) a valid agreement to arbitrate exists, a plaintiff's individual PAGA claims must be compelled to arbitration and their non-individual PAGA claims should be dismissed. (*Viking River* at 1925 ["We hold that the FAA preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate."]; see also Declaration of Karen Berglas ["Berglas Decl."], ¶ 3.)

Under that rubric, the amount in controversy set forth in Defendant's Notice of Removal of Civil Action (Dkt. 1)—which is not based on Plaintiff's representative claim but is solely calculated on Plaintiff's individual PAGA claims—clearly meets the jurisdictional threshold. Defendant alleged and now submits evidence that the amount of PAGA penalties in controversy on Plaintiff's individual PAGA claims is ($36,900) and the attorneys' fees she would be entitled to solely on her individual PAGA claims are at least $50,000. That total meets the jurisdictional requirement for diversity jurisdiction and Plaintiff's Motion should be denied.[2]

Further, none of the authorities cited by Plaintiff call for a contrary result. Plaintiff's entire Motion is premised on cases addressing aggregation of parties in multi-party litigation like class and representative PAGA claims. The anti-aggregation rule simply does not apply to an individual PAGA claim. That is why

---

[2] NOTE: The calculations provided herein, and in Defendant's Notice of Removal of Civil Action (Dkt. 1), are solely presented to calculate the purported amount in controversy to support Defendant's removal of this action to this Court. Defendant disputes any and all of Plaintiff's claims, disputes that Plaintiff is entitled to any recovery, and respectfully submits that Plaintiff's Complaint lacks merit.

12071657.1

2

Case No. 3:23-cv-2155-JO-SBC
DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

Defendant's Notice of Removal of Civil Action plainly sets the amount in controversy on Plaintiff's <u>individual</u> PAGA claims which must be compelled to arbitration pursuant to *Viking River*. Based on the evidence presented in this Opposition, the declarations submitted, and in the accompanying Request for Judicial Notice ("<u>RJN</u>"), there is no doubt or ambiguity that Defendant has meet its low burden of showing by a preponderance of the evidence that this case exceeds the $75,000 amount in controversy.

## II.   LEGAL STANDARD

For purposes of diversity jurisdiction, the jurisdictional minimum may be satisfied by claims for damages and attorneys' fees. (*Simmons v. PCR Tech*. (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1031 (quoting *Conrad Assoc. v. Hartford Accident & Indem. Co*. (N.D. Cal. 1998) 994 F. Supp. 1196, 1198.) When a complaint is unclear and / or does not specify "a total amount in controversy," in connection with a motion to remand, a defendant must simply show that the amount is met by a preponderance of the evidence. (*See Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 700.)

Additionally, where attorneys' fees are recoverable by a plaintiff either through statute or contract, any fee claim is included in determining the amount in controversy. (*Galt G/S v. JSS Scandinavia* (9th Cir. 1988) 142 F.3d 1150, 1155-1156; *Lowdermilk v. U.S. Bank Nat'l Ass'n* (9th Cir. 2007) 479 F.3d 994, 1000 [attorneys' fees included in assessing the amount in controversy where a plaintiff seeks their recovery per an underlying statute authorizing such an award through either mandatory or discretionary language]; *Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 700 [considering attorneys' fees for purposes of calculating the amount in controversy for a case asserting violations of California's Labor Code]). Further, a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. (*Fritsch v. Swift Transportation Company of Arizona* (9th Cir. 2018) 899 F.3d

785, 794.)  Here, Plaintiff seeks recovery of her attorneys' fees on her <u>individual</u> PAGA claims pursuant to Labor Code section 2699.  (Complaint, Prayer ¶ "h".)

A defendant satisfies its burden by meeting the very low bar in showing that it is "more likely than not" that the amount in controversy exceeds the sum of $75,000.  (*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 209 F.3d 398, 403.)

## III.   ARGUMENT

### A.   Plaintiff's Individual PAGA Claims And Associated Attorneys' Fees Are The Sole Calculus To Establish The Amount In Controversy

Plaintiff is correct that a plaintiff's individual recovery on a <u>representative</u> PAGA cause of action cannot be aggregated with the other aggrieved employees.  (*Urbino v. Orkin Servs. of California, Inc*. (9th Cir. 2013) 726 F.3d 1118, 1122.)  However, the amount put in controversy by her <u>individual</u> <u>claims</u> must be considered irrespective of the other allegedly-aggrieved employees.  (*See, e.g., Biag v. King George - J&J Worldwide Servs. LLC* (S.D. Cal. July 22, 2020) No. 20-CV-307-BAS-DEB, 2020 WL 4201192, at *8 [individual claims can be considered irrespective of class and PAGA representative claims for purposes of amount in controversy].)  Thus, where a plaintiff's individual claims <u>by</u> <u>themselves</u> exceed the $75,000 requirement and are subject to an arbitration agreement, a district court should assert jurisdiction and compel the individual claims to arbitration.  (<u>Compare</u> *Alvarez v. AutoZone, Inc.*, No. EDCV1402471VAPSPX, 2015 WL 13427751, at *1 (C.D. Cal. July 8, 2015) [staying PAGA claim and compelling arbitration of individual claims] <u>with</u> *Alvarez v. AutoZone, Inc.*, No. EDCV142471FMOSPX, 2022 WL 1404245, at *3 (C.D. Cal. May 3, 2022) [deciding renewed motion to remand after arbitration].)

Plaintiff ignores the simple premise that Defendant's Notice of Removal of Civil Action only addressed Plaintiff's <u>individual</u> PAGA claim and not the representative PAGA claim that will be the subject of later law and motion.  (See Dkt. 8 [Defendant's Motion to Compel Arbitration].)  Plaintiff argues that "only the

12071657.1                                    4                     Case No. 3:23-cv-2155-JO-SBC
DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

portion of attorney's fees attributable to [the plaintiff's] claims count towards the amount in controversy." That is correct and the attorney's fees at issue are based solely on those that will likely be incurred on Plaintiff's individual PAGA claims. (See *Patel v. Nike Retail Servs., Inc.* (N.D. Cal. 2014) 58 F. Supp. 3d 1032, 1049.) The calculation of the "portion attributable" to Plaintiff's individual PAGA claims has become clear in the wake of the Supreme Court's decision in *Viking River*, where the Court concluded that PAGA claims have an individual component and a non-individual component. (*Viking River* at 662.)

Where, as here, Plaintiff's individual PAGA claims are subject to an arbitration agreement, then they must be compelled to arbitration, where the claim is treated essentially as an individual action to adjudicate Plaintiff's individual PAGA claims. (*Id.*)

Plaintiff's reliance on *Adolph v. Uber Tech, Inc.* does not rescue her argument. (14 Cal. 5th 1104 (2023). ["*Adolph*"].) Indeed, in *Adolph*, the California Supreme Court, following *Viking River*, acknowledged the existence of an "individual" PAGA claim. (*Adolph* at 1118.) The *Adolph* court addressed whether "an aggrieved employee who has been compelled to arbitrate **individual** claims 'premised on Labor Code violations actually sustained by' the plaintiff maintains statutory standing to pursue non-individual PAGA claims." (*Adolph* at 1119 [emphasis added; citations omitted].)

Within that framework, and because a valid arbitration agreement exists here (which Plaintiff does not contest), the amount of Plaintiff's individual PAGA claims to be adjudicated in arbitration, and the attorneys' fees likely to be incurred on her individual PAGA claims is the same as if she were asserting those claims on an individual basis. That is why Defendant calculated fees in that manner, as opposed to as a percentage of the recovery by the entire PAGA representative group—a calculation providing this Court jurisdiction over this dispute and mandating denial of Plaintiff's Motion.

12071657.1

5

Case No. 3:23-cv-2155-JO-SBC
DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

### 1. Plaintiff Does Not Dispute Defendant's Calculation of the Individual PAGA Civil Penalties At Issue

While Plaintiff does not dispute the $36,900 calculation provided by Defendant in its Notice of Removal of Civil Action for Plaintiff's <u>individual</u> PAGA claims, Defendant respectfully submits evidence here to support this calculation.

California Labor Code section 2699(f) provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employed one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." (<u>See</u> <u>also</u>, Complaint ¶ 31.)

Plaintiff worked for Defendant during 21 pay periods during the PAGA period. (Complaint ¶ 9, Ex. 1; Berglas Decl., ¶ 4.) Plaintiff seeks PAGA penalties for nine discrete alleged violations of the California Labor Code for every pay period she worked during the PAGA period. (Complaint ¶ 39.) As a result, Plaintiff's potential individual PAGA penalties would total **$36,900**. (9 "initial" violations x $100 x 1 pay period = $900 + 9 "subsequent" violations x $200 x 20 pay periods = $36,900.)

### 2. Plaintiff's Counsels' Attorneys' Fees On Her Individual PAGA Claims Are Significant

Defendant is only required to present evidence of a "reasonable" calculation of attorneys' fees by the preponderance of the evidence standard. (*Coleman v. Estes Express Lines, Inc.* (C.D. Cal. 2010) 730 F. Supp. 2d 1141, 1148.)

///
///
///

12071657.1 — 6 — Case No. 3:23-cv-2155-JO-SBC
DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

### (a) Case law demonstrates significant attorneys' fees in individual wage-and-hour cases.

One method to estimate attorneys' fees is to examine fee awards in similar cases. (*Lopez v. Healthcare Servs. Grp., Inc.* (C.D. Cal. Apr. 2, 2019) 2019 WL 1646083, at *4 ["An estimate of a potential award of attorney's fees may be based on those that have been made in similar cases."].)  As this Court is likely aware, it is not unusual for significant attorneys' fees to be awarded in cases where a plaintiff asserts and prevails on claims such as those asserted in this action. Even in cases where the damages obtained are relatively small, attorneys' fees can still be significant.  For example:

- <u>Nishiki v. Danko Meredith, APC</u> (Los Angeles Superior Court, 2018) – Plaintiff's counsel awarded $90,000 in attorneys' fees on $4,000 award for individual wage-and-hour violations in appeal from Labor Commissioner decision (Request for Judicial Notice ["<u>RJN</u>"], Ex. A);

- <u>Cruz v. Fusion Buffett, Inc.</u> (San Diego Superior Court, 2020) - $47,132 in attorneys' fees awarded in individual wage-and-hour lawsuit (RJN, Ex. B, C, D); and

- <u>Sillah v. Command International Security Services</u> (United States District Court Northern District of California, 2016) - $62,000 in attorneys' fees awarded in individual wage-and-hour lawsuit (RJN, Ex. E, F).

### (b) A calculation based on opposing counsel's reasonable hourly rate demonstrates fees are likely to exceed $50,000.

Another method to estimate future attorneys' fees is to take the number of estimated hours necessary to take the case to fruition and multiply that by the opposing counsel's hourly rate. (*Penhale v. Allstream Bus. US, LLC* (D. Or. June 21, 2019) 2019 WL 6314217, at *2  ["The type of evidence that courts have considered to estimate reasonable future attorney's fees includes . . . estimates of the number of hours that will likely be required to litigate the pending case multiplied

12071657.1                                  7                    Case No. 3:23-cv-2155-JO-SBC
DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

by the opposing counsel's hourly rate."].)

Plaintiff's counsel in this case regularly seeks (and is granted) an hourly rate of $500.  (See e.g. *Blount v. Host Healthcare, Inc.* (S.D. Cal. April 12, 2022) Case No. 21-CV-310-MMA-WVG at *9 ["Here, Plaintiff requests hourly rates of $500 for both Mr. Ferraro and Ms. Vega"] [RJN, Ex. G]; see also *Taylre Chowning v. Freedom Mortgage Corporation*, Case No. 37-2022-00005613-CU-OE-CTL (Superior Court of California for the County of San Diego) [RJN, Ex. H, I].)

Other District Courts in California have found much higher hourly rates for attorneys in the Southern California legal community.  (See e.g. *Martinez v. Costco Wholesale Corporation* (S.D. Cal., Feb. 24, 2023, No. 19-CV-1195-WVG) 2023 WL 2229267, at *9 [approving $800 an hour]; *Lopez v. Management and Training Corporation* (S.D. Cal., Apr. 20, 2020, No. 17CV1624 JM(RBM)) 2020 WL 1911571, at *9 [approving rates of $900, $875, and $725].)

Using Plaintiff's counsels' regularly requested "reasonable rate" of $500 per hour, the amount in controversy will easily be met based on the attorneys' fees that will be sought in arbitration should Plaintiff prevail on any of her individual PAGA claims there.  In its Notice of Removal of Civil Action, Defendant only conservatively calculated 100 hours in attorney time through arbitration on Plaintiff's individual PAGA claims. (Dkt. 1, ¶ 32.)  Here, Plaintiff seeks individual PAGA penalties for nine (9) alleged Labor Code violations allegedly suffered over 21 pay periods.  (Complaint ¶¶ 9, 39.)

**Conservatively**, based on over 30 years of wage-and-hour litigation experience, counsel for Defendant, James M. Peterson, has estimated that Plaintiff's counsel will claim[3] the following to prosecute Plaintiff's individual PAGA claims

---

[3] Defendant respectfully submits the Declaration of James M. Peterson and the estimates contained herein solely to demonstrate the amount in controversy in this litigation.  Defendant disputes any and all of Plaintiff's claims, disputes that Plaintiff

through arbitration:

- 15 hours for intake of matter, investigation of claims and preparing the complaint;
- 16 hours to prepare for and defend Plaintiff at deposition;
- 16 hours to prepare for and take Defendant's corporate 30(b)(6) witness' deposition;
- 10 hours to prepare for and take the deposition of Plaintiff's supervisor;
- 10 hours to prepare for and take the depositions of any percipient witnesses;
- 10 hours to draft written discovery to Defendant;
- 10 hours to respond to Defendant's written discovery;
- 5 hours for arbitration status conferences;
- 40 hours opposing Defendant's anticipated dispositive motion; and
- 100 hours for preparing for and appearing at multi-day arbitration on Plaintiff's individual PAGA claims.

TOTAL: 232 Hours x. $500 per hour = $116,000

(See Declaration of James M. Peterson in Support of Opposition to Motion to Remand ¶¶ 2-4.)  It is very clear that the total amount of time Plaintiff's counsel will claim for the prosecution of Plaintiff's individual PAGA claims exceeds 232 hours. (*Id*.)  However, to meet the amount in controversy requirement, Defendant used a very conservative estimate of 100 hours of attorney time at $500 an hour to calculate the anticipated total attorneys' fee amount of $50,000.  (Dkt. 1, ¶ 32.)

When the $50,000 in attorneys' fees is included with the undisputed $36,900 in individual PAGA penalties at issue, the total amount in controversy is a conservative **$86,900**—a number that will likely be significantly higher should Plaintiff prevail in arbitration and is awarded attorneys' fees pursuant to the Labor Code on her individual PAGA claims—far in excess of the jurisdictional minimum.

---

is entitled to any recovery, and respectfully submits that Plaintiff's Complaint lacks merit.

### B. Plaintiff's Motion to Remand Is Procedurally Deficient

Pursuant to Rule II(A) of the Court's Civil Chambers Rules, counsel for the Parties met and conferred by telephone regarding Defendant's Motion to Compel Arbitration and Plaintiff's Motion on December 6, 2023. (*See* Dkt. 7 [Declaration of Nicholas J. Ferraro Regarding Meet and Confer Efforts].) However, Plaintiff did not wait the requisite seven (7) days after counsels' telephonic meet and confer and Plaintiff filed this Motion on December 12, 2023. (Dkt. 6.) After being informed of Plaintiff's violation of the Court's Civil Chambers Rules, Plaintiff refused to withdraw her Motion and her attorney filed a subsequent declaration acknowledging Plaintiff's disobedience with the Court's Civil Chambers Rules. (Dkt. 7.)

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully submits that it has met the evidentiary requirements to demonstrate, by a preponderance of the evidence, that the amount in controversy required under 28 U.S.C. § 1332(a)(1) has been met. Defendant requests this Court deny Plaintiff's Motion.

Dated: January 17, 2024          HIGGS FLETCHER & MACK LLP


By: _____*/s/ Kyle W. Nageotte*_____
JAMES M. PETERSON
KYLE W. NAGEOTTE
Attorneys for Defendant
FEDEX OFFICE AND PRINT SERVICES, INC.

12071657.1

10

Case No. 3:23-cv-2155-JO-SBC
DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego